UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

| | |
|---|---|
| **JAMES R. HARRIS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | |
| ) | Case No. 07-2210 |
| **JAT TRUCKING OF ILLINOIS, INC.,** ) | |
| doing business as JAT Transportation, ) | |
| et al., ) | |
| **Defendants.** ) | |

# REPORT AND RECOMMENDATION

In November 2007, Plaintiff James Harris filed a Complaint (#1) against Defendants, JAT Trucking of Illinois, Inc., Order Logistics, Inc., Brian Griffin, Paul McCreary, Brian Malec, Gayle Frerichs, Gayle Frerichs Trucking, LLC, Personal Care Insurance of Illinois Plan of JAT, and Personal Care Health Management, Inc., alleging violations of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") (29 U.S.C. § 1001 *et seq*.). Federal jurisdiction is based on federal question pursuant to 28 U.S.C. § 1331 because Plaintiff has alleged violations of federal law.

In February 2008, Defendants Order Logistics, Inc., and Defendants Griffin, McCreary, and Malec filed a Motion To Dismiss (#15). Plaintiff filed a Memorandum of Law in Support of Plaintiff's Opposition to Defendants Order Logistics, Inc., Brian Griffin, Brian Malec and Paul McCreary Motions To Dismiss (#17). After reviewing the parties' pleadings and memoranda, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Defendants' Motion To Dismiss **(#15)** be **DENIED**.

## I. Background

The following background is taken from the complaint. Plaintiff worked for Defendant JAT from May 2006 until February 23, 2007. During his employment, Plaintiff purchased health insurance by participating in the Personal Care Insurance of Illinois Plan of JAT (hereinafter "PCI Plan" or "Plan"). The Plan called for JAT to deduct $35 per week from Plaintiff's wages and remit that amount to the Plan for health insurance coverage. On about January 1, 2007, JAT

stopped remitting payments to the Plan on behalf of Plaintiff, although JAT continued to deduct the premiums from Plaintiff's wages.

Regarding Defendants Frerichs and Gayle Frerichs Trucking, LLC (hereinafter "GFT"), Plaintiff alleges that, while he was employed by JAT, Defendant Frerichs was directly responsible for remitting premiums to the Plan. On about February 23, 2006, GFT acquired JAT and the two entities merged. GFT assumed the liabilities and obligations of JAT and continued the enterprise of JAT with continuity of management, personnel, physical location, assets, and general business operations. Thus, GFT is a "successor employer" for purposes of ERISA. As such, it assumed JAT's duty to inform Plaintiff regarding his election rights under the Consolidated Omnibus Budget Reconciliation Act (hereinafter "COBRA") (42 U.S.C. § 300bb-1 *et seq.*), and assumed the duty to enroll Plaintiff into a health care plan, pursuant to COBRA, for the duration of Plaintiff's eligibility period. 26 C.F.R. § 54.4980B-9.

During February, March, and April 2007, Defendant PCI Plan represented to Plaintiff, by its payments for services rendered to Plaintiff, that Plaintiff had full coverage under the Plan. Nevertheless, in May 2007, Plaintiff was informed that his participation in the Plan had lapsed as of December 31, 2006, due to Defendant JAT's failure to pay the premiums during January and February 2007. Plaintiff had not been informed that his coverage had been terminated or of his right to elect to receive continuing health care coverage pursuant to COBRA.

On about February 23, 2007, Plaintiff was diagnosed with kidney cancer and required immediate medical treatment, including surgery. As a result, Plaintiff has incurred and will continue to incur substantial health care costs. The Plan has denied Plaintiff insurance coverage benefits due to Defendant JAT's failure to remit insurance premiums and the cancellation of Plaintiff's insurance coverage effective December 31, 2006.

Plaintiff alleges that Defendant Order Logistics, Inc. (hereinafter "OL"), was and is the parent corporation of Defendant JAT and OL controlled JAT's corporate actions and activities.

He also alleges that OL is the instrumentality and alter ego of Defendants Griffin, McCreary, and Malec.

Plaintiff has alleged eleven claims in the complaint. Count I, against Defendants JAT and PCI Plan, alleges a claim for recovery of benefits under Section 1132(a)(1)(B) of ERISA. Count II alleges that JAT, PCI Plan, and Frerichs breached their fiduciary duty under Section 1132(a)(3) of ERISA. Count III, against JAT and Gayle Frerichs Trucking, LLC, alleges that Defendants failed to provide the required COBRA election notice. Count IV, against JAT and PCI Plan, alleges fraud. Count V, against JAT, alleges breach of contract. Count VI, against JAT, alleges negligent infliction of emotional distress. Count VII, against JAT, alleges intentional infliction of emotional distress. Count VIII, against JAT and PCI Plan, alleges violations of the Illinois Consumer Fraud and Deception Business Practices Act (815 ILCS 505/1 *et seq*.). Count IX, against Defendant OL, seeks recovery on an alter ego theory. Count X, against Defendants Griffin, McCreary, and Malec, seeks recovery on an alter ego theory. Count XI alleges that PCI Plan and Personal Care Health Management, Inc., breached the group insurance contract.

## II. Standard

The purpose of a motion to dismiss for failure to state a claim is to test the sufficiency of the complaint, not to decide the merits of the case. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." The United States Supreme Court has interpreted this language to impose two "easy-to-clear hurdles": First, the plaintiff must plead sufficient facts to give fair notice of the claim and the grounds upon which it rests, and second, those facts, if true, must plausibly suggest that the plaintiff is entitled to relief, "raising that possibility above a 'speculative' level." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776-77 (7th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly,* --- U.S. ----, 127 S.Ct. 1955, 1965, 1973 n.14 (2007)). In considering a motion to dismiss for failure to state a claim, the Court is limited to the allegations contained in the pleadings. *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993). Furthermore, the Court must treat all

well-pleaded allegations in the complaint as true, and draw all reasonable inferences in the plaintiff's favor. *McMillan v. Collection Prof'ls, Inc.,* 455 F.3d 754, 758 (7th Cir. 2006); *see Bell Atl.,* 127 S.Ct. at 1965 (requiring plausible grounds for inferences if those inferences are to sustain a complaint).

### III.  Analysis

Defendants argue that the Court should dismiss the claims (1) against OL because it has no ownership interest in or control over Defendant JAT; and (2) against Defendants Griffin, McCreary, and Malec because they had no ownership or control over OL. In support of this motion, Defendants attached affidavits from Griffin, McCreary, and Malec. Although Defendants have titled their document a motion to dismiss, the prayer for relief seeks "judgment on the pleadings." (#15, p. 2.)

In response, Plaintiff contends that the Court should deny the motion for a number of reasons including, but not limited to, the following:  The Court should exclude the affidavits or convert the motion to a motion for summary judgment; the Court should deny the motion to dismiss because Defendants failed to support it with legal argument; and converting the motion to a summary judgment motion would be improper under the Court's Local Rules.

Federal Rule of Civil Procedure 12(b) states that a party may move for judgment on the pleadings after the pleadings are closed. In this case, the pleadings are still open. Accordingly, the Court declines to treat the motion to dismiss as a motion for judgment on the pleadings.

Under Rule 12(d), the Court may choose whether to consider or exclude matters outside the pleadings when ruling on a motion under Rule 12(b)(6) or 12(c). FED. R. CIV. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.") At this early stage in the proceedings, the Court declines to consider the affidavits. Should Defendants wish to file a properly supported motion for summary judgment at a later date, they are invited to do so. The motion should comply with Local Rules regarding summary judgment

motions.  *See Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 922 (7th Cir. 1994) (upholding the strict enforcement of local rules).

Here, Defendants have not argued that Plaintiff has failed to adequately allege claims against them.  Instead, they have raised factual issues.  At this point, the Court is limited to a consideration of the well-pleaded allegations in the complaint.  Accordingly, the Court recommends denying the motion to dismiss at this time.

### IV.  Summary

For the reasons stated above, this Court recommends that Defendants' Motion To Dismiss **(#15)** be **DENIED**.  The parties are advised that any objection to this recommendation must be filed in writing with the clerk within ten (10) working days after being served with a copy of this Report and Recommendation.  See 28 U.S.C. § 636(b)(1).  Failure to object will constitute a waiver of objections on appeal.  *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTERED this 28th day of February, 2008.

s/ DAVID G. BERNTHAL
U.S. MAGISTRATE JUDGE
