UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

| | |
|---|---|
| JAMES R. HARRIS,                                         ) | |
|        Plaintiff,                                         ) | |
| v.                                                       ) | |
|                                                          ) | Case No. 07-2210 |
| JAT TRUCKING OF ILLINOIS, INC.,                          ) | |
| doing business as JAT Transportation,                    ) | |
| et al.,                                                  ) | |
|        Defendants.                                        ) | |

# REPORT AND RECOMMENDATION

       In November 2007, Plaintiff James Harris filed a Complaint (#1) against Defendants, JAT Trucking of Illinois, Inc., Order Logistics, Inc., Brian Griffin, Paul McCreary, Brian Malec, Gayle Frerichs, Gayle Frerichs Trucking, LLC, Personal Care Insurance of Illinois Plan of JAT, and Personal Care Health Management, Inc., alleging violations of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") (29 U.S.C. § 1001 *et seq.*). Federal jurisdiction is based on federal question pursuant to 28 U.S.C. § 1331 because Plaintiff has alleged violations of federal law.

       In April 2008, Defendant Personal Care Insurance of Illinois (hereinafter "PC") filed a Motion To Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) (#31). Plaintiff filed a Response to Motion To Dismiss of Personal Care Insurance of Illinois, Inc. (#38). After reviewing the parties' pleadings and memoranda, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Defendant Personal Care Insurance of Illinois, Inc.'s Motion To Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) **(#31)** be **GRANTED**.

## I. Background

       The following background is taken from the complaint. Plaintiff worked for Defendant JAT from May 2006 until February 23, 2007. During his employment, Plaintiff purchased health insurance by participating in the Personal Care Insurance of Illinois Plan of JAT (hereinafter "PCI Plan" or "Plan"), a group insurance contract. Defendant PC administered the Plan. The

Plan called for JAT to deduct $35 per week from Plaintiff's wages and remit that amount to the Plan for health insurance coverage. On about January 1, 2007, JAT stopped remitting payments to the Plan on behalf of Plaintiff, although JAT continued to deduct the premiums from Plaintiff's wages.

Regarding Defendants Frerichs and Gayle Frerichs Trucking, LLC (hereinafter "GFT"), Plaintiff alleges that, while he was employed by JAT, Defendant Frerichs was directly responsible for remitting premiums to the Plan. On about February 23, 2006, GFT acquired JAT and the two entities merged. GFT assumed the liabilities and obligations of JAT and continued the enterprise of JAT with continuity of management, personnel, physical location, assets, and general business operations. Thus, GFT is a "successor employer" for purposes of ERISA. As such, it assumed JAT's duty to inform Plaintiff regarding his election rights under the Consolidated Omnibus Budget Reconciliation Act (hereinafter "COBRA") (42 U.S.C. § 300bb-1 *et seq.*), and assumed the duty to enroll Plaintiff into a health care plan, pursuant to COBRA, for the duration of Plaintiff's eligibility period. *See* 26 C.F.R. § 54.4980B-9.

During February, March, and April 2007, Defendant PCI Plan represented to Plaintiff, by its payments for services rendered to Plaintiff, that Plaintiff had full coverage under the Plan. Nevertheless, in May 2007, Plaintiff was informed that his participation in the Plan had lapsed as of December 31, 2006, due to Defendant JAT's failure to pay the premiums during January and February 2007. Plaintiff had not been informed that his coverage had been terminated or of his right to elect to receive continuing health care coverage pursuant to COBRA.

On about February 23, 2007, Plaintiff was diagnosed with kidney cancer and required immediate medical treatment, including surgery. As a result, Plaintiff has incurred and will continue to incur substantial health care costs. The Plan has denied Plaintiff insurance coverage benefits due to Defendant JAT's failure to remit insurance premiums and the cancellation of Plaintiff's insurance coverage effective December 31, 2006.

Plaintiff alleges that Defendant Order Logistics, Inc. (hereinafter "OL"), was and is the

2

parent corporation of Defendant JAT and OL controlled JAT's corporate actions and activities. He also alleges that OL is the instrumentality and alter ego of Defendants Griffin, McCreary, and Malec.

Plaintiff has alleged eleven claims in the complaint. Count I, against Defendants JAT and PCI Plan, alleges a claim for recovery of benefits under Section 1132(a)(1)(B) of ERISA. Count II alleges that JAT, PCI Plan, and Frerichs breached their fiduciary duty under Section 1132(a)(3) of ERISA. Count III, against JAT and GFT, alleges that Defendants failed to provide the required COBRA election notice. Count IV, against JAT and PCI Plan, alleges fraud. Count V, against JAT, alleges breach of contract. Count VI, against JAT, alleges negligent infliction of emotional distress. Count VII, against JAT, alleges intentional infliction of emotional distress. Count VIII, against JAT and PCI Plan, alleges violations of the Illinois Consumer Fraud and Deception Business Practices Act (815 ILCS 505/1 *et seq.*). Count IX, against Defendant OL, seeks recovery on an alter ego theory. Count X, against Defendants Griffin, McCreary, and Malec, seeks recovery on an alter ego theory. Count XI alleges that PCI Plan and PC breached the group insurance contract with Plaintiff.

In Count XI, Plaintiff alleges that PC knew in January 2007 that JAT was not remitting enough money to cover Plaintiff's premiums and continue his health insurance coverage under the Plan. PC gave JAT additional time to pay premiums during January and February 2007, but did not notify Plaintiff of the inadequate premium payments, nor did PC inform Plaintiff that the Plan would be cancelled retroactively, without notice, if premiums were not paid by February 28, 2007. (#1, ¶ 110.) Plaintiff alleges that his participation in the Plan was terminated on February 23, 2007, but the Plan continued to pay for Plaintiff's medical expenses. (#1, ¶ 112.) On about May 16, 2007, PC stopped paying for Plaintiff's medical expenses and revoked previous payments it had made for medical expenses. (#1, ¶ 113.) Plaintiff alleges that PC breached "the contract for insurance coverage with Plaintiff" because it knew that JAT was not paying the premiums but continued to "represent" to Plaintiff that his insurance was still in full force and effect. (#1, ¶ 114.)

3

## II. Standard

The purpose of a motion to dismiss for failure to state a claim is to test the sufficiency of the complaint, not to decide the merits of the case. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The United States Supreme Court has interpreted this language to impose two "easy-to-clear hurdles": First, the plaintiff must plead sufficient facts to give a defendant fair notice of the claim and the grounds upon which it rests, and second, those facts, if true, must plausibly suggest that the plaintiff is entitled to relief, "raising that possibility above a 'speculative' level." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776-77 (7th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly,* --- U.S. ----, 127 S. Ct. 1955, 1965, 1973 n.14 (2007)). In considering a motion to dismiss for failure to state a claim, the Court is limited to the allegations contained in the pleadings. *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993). Furthermore, the Court must treat all well-pleaded allegations in the complaint as true, and draw all reasonable inferences in the plaintiff's favor. *McMillan v. Collection Prof'ls, Inc.*, 455 F.3d 754, 758 (7th Cir. 2006); *see Bell Atl.*, 127 S. Ct. at 1965 (requiring plausible grounds for inferences if those inferences are to sustain a complaint).

## III. Analysis

Defendant PC argues that the Court should dismiss the claim against it in Count XI because Plaintiff has failed to state a claim for breach of contract. Specifically, Defendant PC contends that Plaintiff has failed to allege the elements of a contract; particularly that Plaintiff and PC were parties to the group insurance contract. In support, Defendant refers to *Chillmark Partners, LLC v. MTS, Inc.*, No. 02 C 5339, 2003 WL 1964408, *3 (N.D. Ill. April 25, 2003) (unreported) (stating that a plaintiff must "set out sufficient factual matter to outline the elements of [his] cause of action – that the Defendants were parties to the contract and that the contract was breached").

Plaintiff responds that the Court should not dismiss the claim against Defendant PC because dismissal is appropriate only if it appears that the plaintiff is not entitled to relief under

any legal theory which might plausibly be suggested by the facts alleged and the Court is required to construe all reasonable inferences in plaintiff's favor.

The Court is aware of that *Bell Atlantic* did not eliminate the liberal federal notice pleading standard. *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007). Nevertheless, the complaint "must plausibly suggest that the [plaintiff] has a right to relief [by providing allegations that raise a right to relief] above a 'speculative level.'" *Concentra,* 496 F.3d at 776 (quoting *Bell Atl.,* 127 S. Ct. at 1965). If the allegations do not suggest such a right to relief, the plaintiff pleads himself out of court. *Id.* Here, Count XI clearly purports to allege a breach of contract claim against PC, but Plaintiff has not alleged the existence of a contract between himself and Defendant PC. Plaintiff does not dispute this in his response. Accordingly, the Court agrees that Plaintiff has failed to state a breach of contract claim against PC.

Nevertheless, Plaintiff argues that the Court should deny Defendant's motion to dismiss because the complaint contains all the elements of a breach of fiduciary duty claim against PC. Plaintiff describes the elements of such a claim in his response memorandum. As a general rule, complaints cannot be amended by briefs filed in opposition to a motion to dismiss. *See Thomason v. Nachtrieb,* 888 F.2d 1202, 1205 (7th Cir. 1989). As the Supreme Court noted in *Bell Atlantic*, a complaint adequately states a claim upon which relief can be granted when it "'contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory.'" *Bell Atl.*, 127 S. Ct. at 1969. Although a plaintiff is not required to allege a particular legal theory, we do not believe that the Court is obligated to comb through a complaint to find the elements of a claim under an alternative legal theory when a plaintiff has expressly alleged the legal basis for his claim. A defendant is entitled to "fair notice of the nature and basis or grounds of the claim." 5 Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 1215 (2d ed. 1990). Accordingly, the Court recommends granting the motion to dismiss and allowing Plaintiff leave to amend his complaint to assert a claim against Defendant PC.

## IV.  Summary

For the reasons stated above, this Court recommends that Defendant Personal Care Insurance of Illinois, Inc.'s Motion To Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) **(#31)** be **GRANTED**.  Because it is conceivable that Plaintiff can amend his complaint to state a claim against Defendant PC, the Court recommends that the dismissal be without prejudice and that Plaintiff be granted leave to file an amended complaint within fourteen (14) days of the order ruling on the motion.

The parties are advised that any objection to this recommendation must be filed in writing with the clerk within ten (10) working days after being served with a copy of this Report and Recommendation.  See 28 U.S.C. § 636(b)(1).  Failure to object will constitute a waiver of objections on appeal.  *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTERED this 4th day of June, 2008.

_____s/ DAVID G. BERNTHAL_____
U.S. MAGISTRATE JUDGE
